

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Robert D. Balin**
(212) 489-8230 tel
(212) 489-8340 fax

robbalin@dwt.com

September 24, 2021

**By ECF**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

Re:     *Gray, et al. v. City of New York et al.*, 1:21-cv-06610-CM

Dear Judge McMahon:

      My law firm and I represent the five photojournalists (the "Journalists") who have brought civil rights claims against the City of New York and individual police officers in the above-captioned action (the "Journalists' Suit").  I write to respectfully request a clarification from the Court in order to aid our ongoing discussions with defendant City of New York (the "City").

      Specifically, the City has asked us to extend its time to respond to the Complaint in the Journalists' Suit from September 7 to November 8, 2021.  As a matter of professional courtesy, plaintiffs are willing to agree to this extension, subject to this Court's response to our inquiry herein.[1]

      The Journalists' Suit has been assigned to Your Honor as related to the civil rights action in which the Attorney General of the State of New York (the "AG") alleges misconduct by New York City Police Department ("NYPD") officers during the 2020 George Floyd protests in New York City (the "AG's Suit").  The AG's Suit is one of the lawsuits that is part of the consolidated matter *In Re: New York City Policing During Sumer 2020 Demonstrations* (the "Combined Docket").  It is our understanding that the Court did not consolidate the Journalists' Suit with the AG's Suit for purposes of discovery, or with any other action on the Combined Docket; and we respectfully request that the Court confirm that the Journalists' Suit will not be consolidated

---

[1] Pending clarification from this Court, plaintiffs have agreed to adjourn the City's response time *sine die*.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4816-1591-0139v.2 0201731-000001

Page 2

and/or stayed, and will be permitted to proceed pursuant to its own schedule. The City joins in this request.

As noted in our earlier letter to the Court (ECF # 14), there is some overlap between the cases in the Combined Docket and the Journalists' Suit because they all arise out of the NYPD's actions during the 2020 George Floyd protests. However, while the AG's suit does assert a claim regarding the NYPD's treatment of journalists, legal observers, and medics, the core claims and primary focus of the AG's suit and of all the other cases in the Combined Docket concern the NYPD's alleged misconduct towards peaceful protestors. By contrast, the sole focus of the Journalists' Suit is the NYPD's alleged mistreatment of journalists who were exercising their rights to document police activity during the protests, and who were not protestors themselves. As a result, the Journalists' Suit will require extensive discovery into the policies and practices of the NYPD concerning the First Amendment right of journalists to record police activity in public places, which is not the focus of the lawsuits in the Combined Docket. Moreover, it is not feasible for the plaintiffs in the Journalists' Suit to complete this critical separate discovery by the December 31, 2021 deadline already in place for the Combined Docket, another reason we do not think consolidation would be appropriate.[2]

The Journalists have not delayed in timely seeking redress for their claims. In order to preserve their state law claims, the Journalists were required to comply with Section 50-h of the New York General Municipal Law and were thus unable to file their suit until the City had finished conducing its 50-h examinations of each Journalist. Because scheduling and conducting the examinations was complicated by the COVID-19 pandemic, the final 50-h examination did not take place until June 2, 2021. The Journalists filed their complaint just over 60 days later, on August 5, 2021.

Accordingly, the Journalists request that the Journalists' Suit be permitted to go forward on its own schedule because it was timely filed and raises unique, and important, questions as to

---

[2] Nor do we think it would be equitable to stay the Journalists' Suit pending completion of discovery by the AG for two separate reasons. First, as noted above, the City's policies and practices regarding journalists documenting police activity in public places are not the primary focus of the AG's Suit. Second, because the First Amendment erects a uniquely high wall between the press and the government, it would be antithetical to the First Amendment and the fulsome prosecution of the Journalists' distinctive claims to rely on the AG to advance their First Amendment claims in a lawsuit focused largely on protesters.


Page 3

NYPD policy and practice regarding journalists that are not the focus of any of the cases that make up the Combined Docket.

      For these reasons, we respectfully request that this Court confirm our understanding that the Journalists' Suit is not a part of the Combined Docket, and will not be otherwise consolidated or stayed.

                                                        Respectfully submitted,

                                                        */s/ Robert D. Balin*

                                                        Robert D. Balin