UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In Re: New York City Policing During Summer 2020
Demonstrations

This filing is related to:

ADAM GRAY, JASON DONNELLY, DIANA ZEYNEB
ALHINDAWI, JEMELL D. COLE, and AMR ALFIKY,

Plaintiffs,

-against-

CITY OF NEW YORK, OFFICER NICHOLAS
TERRETT, OFFICER LUIGI TIRRO, OFFICER ADAM
MUNIZ, OFFICER LEONEL GIRON, NYPD OFFICER
JOHN DOE WHITE SHIRT WITH HELMET BEARING
SHIELD NO. 1559, LIEUTENANT ROBERT CATTANI,
LIEUTENANT DANIEL GALLAGHER, CAPTAIN
GZIM PALAJ, OFFICER BRIANNA CARLO,
SERGEANT CHRISTOPHER B. HEWITSON, OFFICER
CHRISTOPHER RADZINSKI, OFFICER SEAN P.
ROBINSON, SERGEANT DANIEL SLEVIN, AND
LIEUTENANT KEITH HOCKADAY,

Defendants.

------------------------------------------------------------------------ x

20-CV-8924 (CM)(GWG)

**ANSWER TO SECOND
AMENDED COMPLAINT**

21-CV-6610 (CM)(GWG)

 

Defendants City of New York, Nicholas Terret, Luigi Tirro, Adam Muniz, Lionel Giron, Gzim Palaj, Brianna Carlo, Sean P. Robinson, Daniel Slevin, and Keith Hockaday (the "Defendants") by their attorney, Hon. Sylvia Hines-Raddix, Corporation Counsel of the City of New York, as and for their answer to the Second Amended Complaint, respectfully allege as follows:

1.      Deny the allegations in paragraph "1" of the second amended complaint, except admit that plaintiffs purport to proceed as stated therein.

2.      Deny the allegations in paragraph "2" of the second amended complaint, except admit that plaintiffs purport to proceed as stated therein.

3.      Deny the allegations in paragraph "3" of the second amended complaint, and respectfully refer the Court to the cases and laws cited therein for their full content and context.

4.      Deny the allegations in paragraph "4" of the second amended complaint.

5.      Deny the allegations in paragraph "5" of the second amended complaint.

6.      Deny the allegations in paragraph "6" of the second amended complaint.

7.      Deny the allegations in paragraph "7" of the second amended complaint, except admit that plaintiffs purport to proceed as stated therein.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the second amended complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the second amended complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the second amended complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the second amended complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the second amended complaint.

13.      Deny the allegations in paragraph "13" of the second amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department.

14.     Deny the allegations in paragraph "14" of the second amended complaint except admit that Bill de Blasio was the Mayor of New York City.

15.     Deny the allegations in paragraph "15" of the second amended complaint except admit that Dermot Shea was the New York City Police Commissioner.

16.     Defendants state that the allegations in paragraph "16" of the second amended complaint are legal conclusions to which no response is required.

17.     Defendants state that the allegations in paragraph "17" of the second amended complaint are legal conclusions to which no response is required.

18.     Defendants state that the allegations in paragraph "18" of the second amended complaint are legal conclusions to which no response is required.

19.     Defendants state that the allegations in paragraph "19" of the second amended complaint are legal conclusions to which no response is required.

20.     Defendants state that the allegations in paragraph "20" of the second amended complaint are legal conclusions to which no response is required.

21.     Defendants state that the allegations in paragraph "21" of the second amended complaint are legal conclusions to which no response is required.

22.     Defendants state that the allegations set forth in paragraph "22" of the second amended complaint are legal conclusions to which no response is required.

23.     Defendants state that the allegations in paragraph "23" of the second amended complaint are legal conclusions to which no response is required.

24.     Defendants state that the allegations in paragraph "24" of the second amended complaint are legal conclusions to which no response is required.

25.     Defendants state that the allegations in paragraph "25" of the second amended complaint are legal conclusions to which no response is required.

26.     Defendants state that the allegations in paragraph "26" of the second amended complaint are legal conclusions to which no response is required.

27.     Defendants state that the allegations in paragraph "27" of the second amended complaint are legal conclusions to which no response is required.

28.     Defendants state that the allegations in paragraph "28" of the second amended complaint are legal conclusions to which no response is required.

29.     Defendants state that the allegations in paragraph "29" of the second amended complaint are legal conclusions to which no response is required.

30.     Deny the allegations in paragraph "30" of the second amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

31.     Deny the allegations in paragraph "31" of the second amended complaint, except admit that plaintiffs purport to base venue as stated therein.

32.     Deny the allegations in paragraph "32" of the second amended complaint except admit that that a document purporting to be a Notice of Claim from plaintiff Gray was received by the Comptroller's Office on or about October 22, 2020.

33.     Deny the allegations in paragraph "33" of the second amended complaint except admit that that a document purporting to be a Notice of Claim from plaintiff Donnelly was received by the Comptroller's Office on or about October 22, 2020.

34.     Deny the allegations in paragraph "34" of the second amended complaint except admit that that a document purporting to be a Notice of Claim from plaintiff Alhindawi was received by the Comptroller's Office on or about October 22, 2020.

35.     Deny the allegations in paragraph "35" of the second amended complaint except admit that that a document purporting to be a Notice of Claim from plaintiff Cole was received by the Comptroller's Office on or about October 22, 2020.

36.     Deny the allegations in paragraph "36" of the second amended complaint except admit that that a document purporting to be a Notice of Claim from plaintiff Alfiky related to the "February 2020 Incident" was received by the Comptroller's Office on or about December 28, 2020, and another document purporting to be a Notice of Claim from plaintiff Alfiky related to the "May 2020 Incident" was received by the Comptroller's Office on or about January 25, 2021.

37.     Defendants state that the allegations in paragraph "37" of the second amended complaint are legal conclusions to which no response is required.

38.     Admit the allegations in paragraph "38" of the second amended complaint.

39.     Deny the allegations in paragraph "39" of the second amended complaint, except admit that the demonstrations at issue in this lawsuit took place during the COVID-19 pandemic.

40.     Deny the allegations in paragraph "40" of the second amended complaint.

41.     Deny the allegations in paragraph "41" of the second amended complaint, except admit that demonstrations took place in the City.

42.     Deny the allegations in paragraph "42" of the second amended complaint, except admit that demonstrations took place in the City.

43.     Deny the allegations in paragraph "43" of the second amended complaint.

44.     Deny the allegations in paragraph "44" of the second amended complaint, except admit that demonstrations took place in the City on May 29, 2020 and further admits that protestors were violent towards the police.

45.     Deny the allegations in paragraph "45" of the second amended complaint, except admit that demonstrations took place in the City on May 30, 2020 and further admits that protestors were violent towards the police.

46.     Deny the allegations in paragraph "46" of the second amended complaint, except admit that demonstrations took place in the City on May 31, 2020 and further admits that protestors were violent towards the police.

47.     Deny the allegations in paragraph "47" of the second amended complaint, except admit that a curfew was announced for the City of New York on or about June 1, 2020, and further states that any Emergency Executive Orders issued speak for themselves.

48.     Deny the allegations in paragraph "48" of the second amended complaint, except admit that demonstrations took place in the City on June 1, 2020 and further admits that protestors were violent towards the police.

49.     Deny the allegations in paragraph "49" of the second amended complaint, except admit that a curfew was announced for the City of New York on or about June 1, 2020, and further states that any Emergency Executive Orders issued speak for themselves.

50.     Deny the allegations in paragraph "50" of the second amended complaint, except admit that demonstrations took place in the City on June 2, 2020.

51.     Deny the allegations in paragraph "51" of the second amended complaint, except admit that demonstrations took place in the City.

52.     Deny the allegations in paragraph "52" of the second amended complaint, except admit that demonstrations took place in the City.

53.     Deny the allegations in paragraph "53" of the second amended complaint, and respectfully refer the Court to the article cited therein for its complete content and context.

54.     Deny the allegations in paragraph "54" of the second amended complaint, and respectfully refer the Court to the article cited therein for its complete content and context.

55.     Deny the allegations in paragraph "55" of the second amended complaint.

56.     Deny the allegations in paragraph "56" of the second amended complaint.

57.     Deny the allegations in paragraph "57" of the second amended complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the second amended complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "59" of the second amended complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "60" of the second amended complaint.

61.     Deny the allegations in paragraph "61" of the second amended complaint.

62.     Deny the allegations in paragraph "62" of the second amended complaint, and further states that the photograph speaks for itself.

63.     Deny the allegations in paragraph "63" of the second amended complaint.

64.     Deny the allegations in paragraph "64" of the second amended complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "65" of the second amended complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "66" of the second amended complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "67" of the second amended complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the second amended complaint.

69.     Deny the allegations in paragraph "69" of the second amended complaint.

70.     Deny the allegations in paragraph "70" of the second amended complaint, and further state that the photograph speaks for itself.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the second amended complaint.

72.     Deny the allegations in paragraph "72" of the second amended complaint.

73.     Deny the allegations in paragraph "73" of the second amended complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "74" of the second amended complaint.

75.     Deny the allegations in paragraph "75" of the second amended complaint.

76.     Deny the allegations in paragraph "76" of the second amended complaint

77.     Deny the allegations in paragraph "77" of the second amended complaint, and further state that the photographs speak for themselves.

78.     Deny the allegations in paragraph "78" of the second amended complaint.

79.     Deny the allegations in paragraph "79" of the second amended complaint.

80.     Deny the allegations in paragraph "80" of the second amended complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "81" of the second amended complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "82" of the second amended complaint.

83.     Deny the allegations in paragraph "83" of the second amended complaint, and further state that the photograph speaks for itself.

84.     Deny the allegations in paragraph "84" of the second amended complaint.

85.     Deny the allegations in paragraph "85" of the second amended complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "86" of the second amended complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "87" of the second amended complaint.

88.     Deny the allegations in paragraph "88" of the second amended complaint, and further state that the photograph speaks for itself.

89.     Denies the allegations in paragraph "89" of the second amended complaint.

90.     Denies the allegations in paragraph "90" of the second amended complaint.

91.     Denies the allegations in paragraph "91" of the second amended complaint.

92.     Denies the allegations in paragraph "92" of the second amended complaint.

93.     Denies the allegations in paragraph "93" of the second amended complaint.

94.     Denies the allegations in paragraph "94" of the second amended complaint.

95.     Deny the allegations in paragraph "95" of the second amended complaint, and respectfully refer the Court to the news article cited therein for its complete content and context.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "96" of the second amended complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "97" of the second amended complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "98" of the second amended complaint.

99.     Deny the allegations in paragraph "99" of the second amended complaint.

100.     Deny the allegations in paragraph "100" of the second amended complaint.

101.     Deny the allegations in paragraph "101" of the second amended complaint

102.     Deny the allegations in paragraph "102" of the second amended complaint

103.     Deny the allegations in paragraph "103" of the second amended complaint.

104.     Deny the allegations in paragraph "104" of the second amended complaint.

105.     Deny the allegations in paragraph "105" of the second amended complaint, and all its subparts, and deny the merits of the lawsuits cited therein which contain mere allegations without dispositions, and respectfully refer the Court to the cited cases for their full content and context.

106.     Deny the allegations in paragraph "106" of the second amended complaint, and all its subparts, and deny the merits of the lawsuits cited therein which contain mere allegations without dispositions, and respectfully refers the Court to the cited cases and cited news articles for their full content and context.

107.     Deny the allegations in paragraph "107" of the second amended complaint, and all its subparts, and deny the merits of the lawsuits cited therein which contain mere allegations without dispositions, and respectfully refers the Court to the cited cases and cited news articles for their full content and context.

108.     Deny the allegations in paragraph "108" of the second amended complaint, and all its subparts, and deny the merits of the lawsuits cited therein which contain mere allegations

without dispositions, and respectfully refers the Court to the cited cases and cited news articles for their full content and context.

109.    Deny the allegations in paragraph "109" of the second amended complaint, and respectfully refer the Court to the lawsuit cited therein for its complete content and context.

110.    Deny the allegations in paragraph "110" of the second amended complaint.

111.    Deny the allegations in paragraph "111" of the second amended complaint.

112.    Deny the allegations in paragraph "112" of the second amended complaint and all its subparts.

113.    Deny the allegations in paragraph "113" of the second amended complaint.

114.    Deny the allegations in paragraph "114" of the second amended complaint.

115.    Deny the allegations in paragraph "115" of the second amended complaint.

116.    Deny the allegations in paragraph "116" of the second amended complaint.

117.    Deny the allegations in paragraph "117" of the second amended complaint.

118.    Deny the allegations in paragraph "118" of the second amended complaint.

119.    Deny the allegations in paragraph "119" of the second amended complaint.

120.    Deny the allegations in paragraph "120" of the second amended complaint and all its subparts.

121.    Deny the allegations in paragraph "121" of the second amended complaint.

122.    Deny the allegations in paragraph "122" of the second amended complaint.

123.    Deny the allegations in paragraph "123" of the second amended complaint.

124.    Deny the allegations in paragraph "124" of the second amended complaint.

125.    Deny the allegations in paragraph "125" of the second amended complaint.

126.    Deny the allegations in paragraph "126" of the second amended complaint.

127.    Deny the allegations in paragraph "127" of the second amended complaint.

128.    Deny the allegations in paragraph "128" of the second amended complaint.

129.    Deny the allegations in paragraph "129" of the second amended complaint.

130.    In response to the allegations in paragraph "130" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

131.    Deny the allegations in paragraph "131" of the second amended complaint.

132.    Deny the allegations in paragraph "132" of the second amended complaint, and further state that the allegation that the defendants were "acting within the scope of their employment" is a legal conclusion to which no response is required.

133.    Deny the allegations in paragraph "133" of the second amended complaint.

134.    Deny the allegations in paragraph "134" of the second amended complaint.

135.    Deny the allegations in paragraph "135" of the second amended complaint.

136.    Deny the allegations in paragraph "136" of the second amended complaint.

137.    Deny the allegations in paragraph "137" of the second amended complaint.

138.    Deny the allegations in paragraph "138" of the second amended complaint.

139.    Deny the allegations in paragraph "139" of the second amended complaint.

140.    Deny the allegations in paragraph "140" of the second amended complaint.

141.    In response to the allegations in paragraph "141" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

142.    Deny the allegations in paragraph "142" of the second amended complaint.

143.    Deny the allegations in paragraph "143" of the second amended complaint.

144.     Deny the allegations in paragraph "144" of the second amended complaint, and further state that the allegation that the officers were "acting within the scope of his or her employment" is a legal conclusion to which no response is required.

145.     Deny the allegations in paragraph "145" of the second amended complaint.

146.     Deny the allegations in paragraph "146" of the second amended complaint.

147.     In response to the allegations in paragraph "147" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

148.     Deny the allegations in paragraph "148" of the second amended complaint.

149.     Deny the allegations in paragraph "149" of the second amended complaint.

150.     Deny the allegations in paragraph "150" of the second amended complaint.

151.     Deny the allegations in paragraph "151" of the second amended complaint.

152.     Deny the allegations in paragraph "152" of the second amended complaint.

153.     Deny the allegations in paragraph "153" of the secmd amended complaint, and further state that the allegation that the officers were "acting within the scope of their employment" is a legal conclusion to which no response is required.

154.     In response to the allegations in paragraph "154" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

155.     Deny the allegations in paragraph "155" of the second amended complaint.

156.     Deny the allegations in paragraph "156" of the second amended complaint.

157.     Deny the allegations in paragraph "157" of the second amended complaint.

158.     Deny the allegations in paragraph "158" of the second amended complaint.

159.    Deny the allegations in paragraph "159" of the second amended complaint.

160.    Deny the allegations in paragraph "160" of the second amended complaint.

161.    Deny the allegations in paragraph "161" of the second amended complaint, and further state that the allegation that the officers were "acting within the scope of their employment" is a legal conclusion to which no response is required.

162.    In response to the allegations in paragraph "162" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

163.    Deny the allegations in paragraph "163" of the second amended complaint.

164.    Deny the allegations in paragraph "164" of the second amended complaint.

165.    Deny the allegations in paragraph "165" of the second amended complaint.

166.    Deny the allegations in paragraph "166" of the second amended complaint.

167.    Deny the allegations in paragraph "167" of the second amended complaint.

168.    Deny the allegations in paragraph "168" of the second amended complaint, and further state that the allegation that the officers were "acting within the scope of their employment" is a legal conclusion to which no response is required.

169.    Deny the allegations in paragraph "169" of the second amended complaint.

170.    Deny the allegations in paragraph "170" of the second amended complaint.

171.    In response to the allegations in paragraph "171" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

172.    Deny the allegations in paragraph "172" of the second amended complaint.

173.    Deny the allegations in paragraph "173" of the second amended complaint.

174.    Deny the allegations in paragraph "174" of the second amended complaint.

175.    Deny the allegations in paragraph "175" of the second amended complaint.

176.    Deny the allegations in paragraph "176" of the second amended complaint.

177.    Deny the allegations in paragraph "177" of the second amended complaint.

178.    Deny the allegations in paragraph "178" of the second amended complaint, and further state that the allegation that the officers were "acting within the scope of their employment" is a legal conclusion to which no response is required.

179.    In response to the allegations in paragraph "179" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

180.    Deny the allegations in paragraph "180" of the second amended complaint.

181.    Deny the allegations in paragraph "181" of the second amended complaint.

182.    Deny the allegations in paragraph "182" of the second amended complaint.

183.    Deny the allegations in paragraph "183" of the second amended complaint.

184.    Deny the allegations in paragraph "184" of the second amended complaint.

185.    Deny the allegations in paragraph "185" of the second amended complaint, and further state that the allegation that Officer Tirro was "acting within the scope of his employment" is a legal conclusion to which no response is required.

186.    In response to the allegations in paragraph "186" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

187.    Deny the allegations in paragraph "187" of the second amended complaint.

188.    Deny the allegations in paragraph "188" of the second amended complaint.

189.   Deny the allegations in paragraph "189" of the second amended complaint.

190.   Deny the allegations in paragraph "190" of the second amended complaint.

191.   Deny the allegations in paragraph "191" of the second amended complaint.

192.   Deny the allegations in paragraph "192" of the second amended complaint, and further state that the allegation that Officer Tirro was "acting within the scope of his employment" is a legal conclusion to which no response is required.

193.   In response to the allegations in paragraph "193" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

194.   Deny the allegations in paragraph "194" of the second amended complaint.

195.   Deny the allegations in paragraph "195" of the second amended complaint.

196.   Deny the allegations in paragraph "196" of the second amended complaint.

197.   Deny the allegations in paragraph "197" of the second amended complaint.

198.   Deny the allegations in paragraph "198" of the second amended complaint.

199.   Deny the allegations in paragraph "199" of the first amended complaint, and further state that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment by the City of New York and were acting under color of state law" is a legal conclusion to which no response is required.

200.   In response to the allegations in paragraph "200" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

201.   Deny the allegations in paragraph "201" of the second amended complaint.

202.   Deny the allegations in paragraph "202" of the second amended complaint.

203.    Deny the allegations in paragraph "203" of the second amended complaint.

204.    Deny the allegations in paragraph "204" of the second amended complaint.

205.    Deny the allegations in paragraph "205" of the second amended complaint.

206.    Deny the allegations in paragraph "206" of the second amended complaint, and further state that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment by the City of New York and were acting under color of state law" is a legal conclusion to which no response is required.

207.    In response to the allegations in paragraph "207" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

208.    Deny the allegations in paragraph "208" of the second amended complaint.

209.    Deny the allegations in paragraph "209" of the second amended complaint.

210.    Deny the allegations in paragraph "210" of the second amended complaint.

211.    Deny the allegations in paragraph "211" of the second amended complaint.

212.    Deny the allegations in paragraph "212" of the second amended complaint.

213.    Deny the allegations in paragraph "213" of the second amended complaint, and further state that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment" is a legal conclusion to which no response is required.

214.    Deny the allegations in paragraph "214" of the second amended complaint.

215.    In response to the allegations in paragraph "215" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

216.    Deny the allegations in paragraph "216" of the second amended complaint.

217.    Deny the allegations in paragraph "217" of the second amended complaint.

218.    Deny the allegations in paragraph "218" of the second amended complaint.

219.    Deny the allegations in paragraph "219" of the second amended complaint.

220.    Deny the allegations in paragraph "220" of the second amended complaint.

221.    Deny the allegations in paragraph "221" of the second amended complaint, and further state that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment by the City of New York and were acting under color of state law" is a legal conclusion to which no response is required.

222.    Deny the allegations in paragraph "222" of the second amended complaint.

223.    Deny the allegations in paragraph "223" of the second amended complaint.

224.    In response to the allegations in paragraph "224" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

225.    Deny the allegations in paragraph "225" of the second amended complaint.

226.    Deny the allegations in paragraph "226" of the second amended complaint.

227.    Deny the allegations in paragraph "227" of the second amended complaint.

228.    Deny the allegations in paragraph "228" of the second amended complaint.

229.    Deny the allegations in paragraph "229" of the second amended complaint.

230.    Deny the allegations in paragraph "230" of the second amended complaint.

231.    Deny the allegations in paragraph "231" of the second amended complaint.

232.    Deny the allegations in paragraph "232" of the second amended complaint, and further state that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment" is a legal conclusion to which no response is required.

233.     In response to the allegations in paragraph "233" of the second amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

234.     Deny the allegations in paragraph "234" of the second amended complaint.

235.     Deny the allegations in paragraph "235" of the second amended complaint.

236.     Deny the allegations in paragraph "236" of the second amended complaint.

237.     Deny the allegations in paragraph "237" of the second amended complaint.

238.     Deny the allegations in paragraph "238" of the second amended complaint.

239.     Deny the allegations in paragraph "239" of the second amended complaint, and further state that the allegation that Sergeant Hewitson was "acting within the scope of his employment by the City of New York and under color of state law" is a legal conclusion to which no response is required.

240.     In response to the allegations in paragraph "240" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

241.     Deny the allegations in paragraph "241" of the second amended complaint.

242.     Deny the allegations in paragraph "242" of the second amended complaint.

243.     Deny the allegations in paragraph "243" of the second amended complaint.

244.     Deny the allegations in paragraph "244" of the second amended complaint.

245.     Deny the allegations in paragraph "245" of the second amended complaint.

246.     Deny the allegations in paragraph "246" of the second amended complaint, and further state that the allegation that Sergeant Hewitson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

247.    In response to the allegations in paragraph "247" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

248.    Deny the allegations in paragraph "248" of the second amended complaint.

249.    Deny the allegations in paragraph "249" of the second amended complaint.

250.    Deny the allegations in paragraph "250" of the second amended complaint.

251.    Deny the allegations in paragraph "251" of the second amended complaint.

252.    Deny the allegations in paragraph "252" of the second amended complaint.

253.    Deny the allegations in paragraph "253" of the second amended complaint, and further state that the allegation that Sergeant Hewitson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

254.    In response to the allegations in paragraph "254" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

255.    Deny the allegations in paragraph "255" of the second amended complaint.

256.    Deny the allegations in paragraph "256" of the second amended complaint.

257.    Deny the allegations in paragraph "257" of the second amended complaint.

258.    Deny the allegations in paragraph "258" of the second amended complaint.

259.    Deny the allegations in paragraph "259" of the second amended complaint.

260.    Deny the allegations in paragraph "260" of the second amended complaint, and further state that the allegation that Officer Radzinski was "acting within the scope of his employment by the City of New York and under color of state law" is a legal conclusion to which no response is required.

261.     In response to the allegations in paragraph "261" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

262.     Deny the allegations in paragraph "262" of the second amended complaint.

263.     Deny the allegations in paragraph "263" of the second amended complaint.

264.     Deny the allegations in paragraph "264" of the second amended complaint.

265.     Deny the allegations in paragraph "265" of the second amended complaint.

266.     Deny the allegations in paragraph "266" of the second amended complaint.

267.     Deny the allegations in paragraph "267" of the second amended complaint, and further state that the allegation that Officer Radzinski was "acting within the scope of his employment" is a legal conclusion to which no response is required.

268.     In response to the allegations in paragraph "268" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

269.     Deny the allegations in paragraph "269" of the second amended complaint.

270.     Deny the allegations in paragraph "270" of the second amended complaint.

271.     Deny the allegations in paragraph "271" of the second amended complaint.

272.     Deny the allegations in paragraph "272" of the second amended complaint.

273.     Deny the allegations in paragraph "273" of the second amended complaint.

274.     Deny the allegations in paragraph "274" of the second amended complaint, and further state that the allegation that Officer Radzinski was "acting within the scope of his employment" is a legal conclusion to which no response is required.

275.    In response to the allegations in paragraph "275" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

276.    Deny the allegations in paragraph "276" of the second amended complaint.

277.    Deny the allegations in paragraph "277" of the second amended complaint.

278.    Deny the allegations in paragraph "278" of the second amended complaint.

279.    Deny the allegations in paragraph "279" of the second amended complaint.

280.    Deny the allegations in paragraph "280" of the second amended complaint.

281.    Deny the allegations in paragraph "281" of the second amended complaint.

282.    Deny the allegations in paragraph "282" of the second amended complaint, and further state that the allegation that Officer Robinson and Sergeant Slevin were "acting within the scope of their employment by the City of New York and acting under color of state law" is a legal conclusion to which no response is required.

283.    In response to the allegations in paragraph "283" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

284.    Deny the allegations in paragraph "284" of the second amended complaint.

285.    Deny the allegations in paragraph "285" of the second amended complaint.

286.    Deny the allegations in paragraph "286" of the second amended complaint.

287.    Deny the allegations in paragraph "287" of the second amended complaint.

288.    Deny the allegations in paragraph "288" of the second amended complaint.

289.    Deny the allegations in paragraph "289" of the second amended complaint.

290.    Deny the allegations in paragraph "290" of the second amended complaint, and further state that the allegation that Officer Robinson was "acting within the scope of his employment by the City of New York and acting under color of state law" is a legal conclusion to which no response is required.

291.    In response to the allegations in paragraph "291" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

292.    Deny the allegations in paragraph "292" of the second amended complaint.

293.    Deny the allegations in paragraph "293" of the second amended complaint.

294.    Deny the allegations in paragraph "294" of the second amended complaint.

295.    Deny the allegations in paragraph "295" of the second amended complaint.

296.    Deny the allegations in paragraph "296" of the second amended complaint.

297.    Deny the allegations in paragraph "297" of the second amended complaint.

298.    Deny the allegations in paragraph "298" of the second amended complaint, and further state that the allegation that Officer Robinson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

299.    In response to the allegations in paragraph "299" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

300.    Deny the allegations in paragraph "300" of the second amended complaint.

301.    Deny the allegations in paragraph "301" of the second amended complaint.

302.    Deny the allegations in paragraph "302" of the second amended complaint.

303.    Deny the allegations in paragraph "303" of the second amended complaint.

304.     Deny the allegations in paragraph "304" of the second amended complaint, and further state that the allegation that Officer Robinson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

305.     In response to the allegations in paragraph "305" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

306.     Deny the allegations in paragraph "306" of the second amended complaint.

307.     Deny the allegations in paragraph "307" of the second amended complaint.

308.     Deny the allegations in paragraph "308" of the second amended complaint.

309.     Deny the allegations in paragraph "309" of the second amended complaint.

310.     Deny the allegations in paragraph "310" of the second amended complaint.

311.     Deny the allegations in paragraph "311" of the second amended complaint, and further state that the allegation that Officer Robinson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

312.     In response to the allegations in paragraph "312" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

313.     Deny the allegations in paragraph "313" of the second amended complaint.

314.     Deny the allegations in paragraph "314" of the second amended complaint.

315.     Deny the allegations in paragraph "315" of the second amended complaint.

316.     Deny the allegations in paragraph "316" of the second amended complaint.

317.     Deny the allegations in paragraph "317" of the second amended complaint.

318.    Deny the allegations in paragraph "318" of the second amended complaint, and further state that the allegation that Lieutenant Hockaday was "acting within the scope of his employment and under color of state law" is a legal conclusion to which no response is required.

319.    In response to the allegations in paragraph "319" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

320.    Deny the allegations in paragraph "320" of the second amended complaint.

321.    Deny the allegations in paragraph "321" of the second amended complaint.

322.    Deny the allegations in paragraph "322" of the second amended complaint.

323.    Deny the allegations in paragraph "323" of the second amended complaint.

324.    Deny the allegations in paragraph "324" of the second amended complaint.

325.    Deny the allegations in paragraph "325" of the second amended complaint, and further state that the allegation that Lieutenant Hockaday was "acting within the scope of his employment" is a legal conclusion to which no response is required.

326.    In response to the allegations in paragraph "326" of the second amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

327.    Deny the allegations in paragraph "327" of the second amended complaint.

328.    Deny the allegations in paragraph "328" of the second amended complaint.

329.    Deny the allegations in paragraph "329" of the second amended complaint.

330.    Deny the allegations in paragraph "330" of the second amended complaint.

331.    Deny the allegations in paragraph "331" of the second amended complaint.

332.     Deny the allegations in paragraph "332" of the second amended complaint, and further state that the allegation that Lieutenant Hockaday was "acting within the scope of his employment" is a legal conclusion to which no response is required.

### FIRST AFFIRMATIVE DEFENSE:

The second amended complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the Defendants are not responsible, and was not the proximate result of any act of the defendants.

### THIRD AFFIRMATIVE DEFENSE:

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

### FOURTH AFFIRMATIVE DEFENSE:

To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

### FIFTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be assessed against defendant City.

### SIXTH AFFIRMATIVE DEFENSE:

Plaintiffs provoked any incident.

**SEVENTH AFFIRMATIVE DEFENSE:**

Plaintiffs may have failed to mitigate their alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE:**

Plaintiffs have failed to state a claim under <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978).

**NINTH AFFIRMATIVE DEFENSE:**

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

**TENTH AFFIRMATIVE DEFENSE:**

Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

**ELEVENTH AFFIRMATIVE DEFENSE:**

Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

**TWELFTH AFFIRMATIVE DEFENSE:**

At all times relevant to the acts alleged in the second amended complaint, defendants Terret, Tirro, Muniz, Giron, Palaj, Carlo, Robinson, Slevin, and Hockaday acted reasonably in the proper and lawful exercise of their discretion.  Therefore, they are entitled to immunity on state law claims.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

Defendants Terret, Tirro, Muniz, Giron, Palaj, Carlo, Robinson, Slevin, and

Hockaday have not violated any clearly established constitutional or statutory rights of which a

reasonable person would have known and therefore are entitled to qualified immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE:

There was probable cause for plaintiffs' arrest and detention.


**WHEREFORE**, defendants respectfully requests that the second amended complaint be

dismissed in its entirety, that the court enter judgment for defendant, and that defendant be granted

costs, fees, and disbursements together with such other and further relief as the Court deems just

and proper.

Dated:      New York, New York
            December 6, 2022


                              Sylvia Hines-Raddix
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street,
                              New York, N.Y. 10007


                        By:   *Peter Scutero*  s/
                              Peter Scutero, Esq.


cc:      BY ECF
         All Counsel