UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In Re: New York City Policing During Summer 2020
Demonstrations

                                             20 Civ. 8924 (CM)(GWG)

This filing is related to:

ADAM GRAY, JASON DONNELLY, DIANA ZEYNEB
ALHINDAWI, JEMELL D. COLE, and AMR ALFIKY,

                                Plaintiffs,

            -against-

CITY OF NEW YORK, OFFICER NICHOLAS
TERRETT, OFFICER LUIGI TIRRO, OFFICER ADAM
MUNIZ, OFFICER LEONEL GIRON, NYPD OFFICER
JOHN DOE WHITE SHIRT WITH HELMET BEARING
SHIELD NO. 1559, LIEUTENANT ROBERT CATTANI,
LIEUTENANT DANIEL GALLAGHER, CAPTAIN
GZIM PALAJ, OFFICER BRIANNA CARLO,
SERGEANT CHRISTOPHER B. HEWITSON, OFFICER
CHRISTOPHER RADZINSKI, OFFICER SEAN P.
ROBINSON, SERGEANT DANIEL SLEVIN, AND
LIEUTENANT KEITH HOCKADAY,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO SECOND
AMENDED COMPLAINT ON
BEHALF OF GALLAGHER**

21Civ. -6610 (CM)(GWG)

        Defendant Daniel Gallagher[1] by his attorney, the Honorable Sylvia Hines-Raddix,

Corporation Counsel of the City of New York, as and for his answer to the Second Amended

Complaint, respectfully alleges as follows:

---

[1] On December 6, 2022, the City of New York, Nicholas Terret, Luigi Tirro, Adam Muniz, Lionel
Giron, Gzim Palaj, Brianna Carlo, Sean P. Robinson, Daniel Slevin, and Keith Hockaday
interposed an answer to the Second Amended Complaint.  On January 20, 2023, Robert Cattani
interposed an amended answer to the Second Amended Complaint.  On January 7, 2023,
Christopher Radzinski interposed an answer to the Second Amended Complaint.

1.      Defendant states that the allegations in paragraph "1" of the Second Amended Complaint is a list of the parties and a statement of fact to which no response is required.

2.      Denies the allegations in paragraph "2" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

3.       Defendant states that the allegations in paragraph "3" of the Second Amended Complaint are statement of facts and legal conclusions to which no response is required. Defendants respectfully refer the Court to the cases and laws cited therein for their full content and context.

4.      Denies the allegations in paragraph "4" of the Second Amended Complaint.

5.      Denies the allegations in paragraph "5" of the Second Amended Complaint.

6.      Denies the allegations in paragraph "6" of the Second Amended Complaint.

7.      Denies the allegations in paragraph "7" of the Second Amended Complaint, except admits that plaintiffs purport to proceed as stated therein.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Second Amended Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the Second Amended Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Second Amended Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Second Amended Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Second Amended Complaint.

13.     Denies the allegations in paragraph "13" of the Second Amended Complaint, except admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York and that it maintains a police department.

14.     Denies the allegations in paragraph "14" of the Second Amended Complaint except admits that Bill de Blasio was the mayor of New York City from January 1, 2014 to December 31, 2021,  and that he is not named as a defendant in this action.

15.     Denies the allegations in paragraph "15" of the Second Amended Complaint except admits that Dermot Shea was the Commissioner of the New York City Police Department from December 1, 2019 to December 31, 2021, and that he is not named as a defendant in this action.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Second Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the Second Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Second Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Second Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Second Amended Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Second Amended Complaint except admits that Daniel Gallagher was formerly assigned to the Legal Bureau of the New York City Police Department, is now retired, and that plaintiffs purport to sue him in his

individual and official capacity; in so far as plaintiffs allege legal conclusions no response is required.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Second Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Second Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Second Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Second Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Second Amended Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Second Amended Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Second Amended Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Second Amended Complaint.

30.     Denies the allegations in paragraph "30" of the Second Amended Complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

31.     Denies the allegations in paragraph "31" of the Second Amended Complaint, except admits that plaintiffs purport to base venue as stated therein.

32.     Denies the allegations in paragraph "32" of the Second Amended Complaint, except admits that that a document purporting to be a Notice of Claim from plaintiff Gray was received by the Comptroller's Office on or about October 22, 2020.

33.     Denies the allegations in paragraph "33" of the Second Amended Complaint, except admits that that a document purporting to be a Notice of Claim from plaintiff Donnelly was received by the Comptroller's Office on or about October 22, 2020.

34.     Denies the allegations in paragraph "34" of the Second Amended Complaint, except admits that that a document purporting to be a Notice of Claim from plaintiff Alhindawi was received by the Comptroller's Office on or about October 22, 2020.

35.     Denies the allegations in paragraph "35" of the Second Amended Complaint, except admits that that a document purporting to be a Notice of Claim from plaintiff Cole was received by the Comptroller's Office on or about October 22, 2020.

36.     Denies the allegations in paragraph "36" of the Second Amended Complaint, except admits that that a document purporting to be a Notice of Claim from plaintiff Alfiky related to the "February 2020 Incident" was received by the Comptroller's Office on or about December 28, 2020, and another document purporting to be a Notice of Claim from plaintiff Alfiky related to the "May 2020 Incident" was received by the Comptroller's Office on or about January 25, 2021.

37.     Defendant states that the allegations in paragraph "37" of the Second Amended Complaint are legal conclusions to which no response is required.

38.      Defendant states that the allegations in paragraph "38" of the Second Amended Complaint are statement of facts to which no response is required, and respectfully refers the Court

to news articles and court transcripts of the trials concerning the death of George Floyd on May 25, 2020, for a complete and accurate description of the events that led to his death.

39.     Defendant states that the allegations in paragraph "39" of the Second Amended Complaint are statement of facts to which no response is required, and respectfully refers the court to news articles and studies concerning the COVID-19 pandemic for a complete and accurate description.

40.     Defendant states that the allegations in paragraph "40" of the Second Amended Complaint are statement of facts to which no response is required, and respectfully refers the court to news articles and studies concerning the effects of COVID-19 in New York City for a complete and accurate description.

41.     Defendant states that the allegations in paragraph "41" of the Second Amended Complaint are statement of facts to which no response is required, and respectfully refers the court to news articles and reports concerning protest about the death of George Floyd for a complete and accurate description.

42.     Denies the allegations in paragraph "42" of the Second Amended Complaint, except admits that demonstrations took place in the New York City starting on May 28, 2020.

43.     Denies the allegations in paragraph "43" of the Second Amended Complaint.

44.     Denies the allegations in paragraph "44" of the Second Amended Complaint, except admits that demonstrations took place in New York City on May 29, 2020 and further admits that protestors were violent towards the police.

45.     Denies the allegations in paragraph "45" of the Second Amended Complaint, except admits that demonstrations took place in New York City on May 30, 2020 and further admits that protestors were violent towards the police.

46.     Denies the allegations in paragraph "46" of the Second Amended Complaint, except admits that demonstrations took place in New York City on May 31, 2020 and further admits that protestors were violent towards the police.

47.     Denies the allegations in paragraph "47" of the Second Amended Complaint, except admits that a curfew was announced for the City of New York on or about June 1, 2020, and further states that any Emergency Executive Orders issued speak for themselves.

48.     Denies the allegations in paragraph "48" of the Second Amended Complaint, except admits that demonstrations took place in the City on June 1, 2020 and further admits that protestors were violent towards the police.

49.     Denies the allegations in paragraph "49" of the Second Amended Complaint, except admits that a curfew was announced for the City of New York on or about June 1, 2020, and further states that any Emergency Executive Orders issued speak for themselves.

50.     Denies the allegations in paragraph "50" of the Second Amended Complaint, except admits that demonstrations took place in New York City on June 2, 2020.

51.     Denies the allegations in paragraph "51" of the Second Amended Complaint, except admits that demonstrations took place in New York City.

52.     Denies the allegations in paragraph "52" of the Second Amended Complaint, except admits that demonstrations took place in New York City.

53.     Denies the allegations in paragraph "53" of the Second Amended Complaint, and respectfully refers the Court to the article cited therein for its complete content and context.

54.     Denies the allegations in paragraph "54" of the Second Amended Complaint, and respectfully refers the Court to the article cited therein for its complete content and context.

55.     Denies the allegations in paragraph "55" of the Second Amended Complaint.

56.     Denies the allegations in paragraph "56" of the Second Amended Complaint.

57.     Denies the allegations in paragraph "57" of the Second Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the Second Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "59" of the Second Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "60" of the Second Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the the allegations in paragraph "61" of the Second Amended Complaint.

62.     Denies the allegations in paragraph "62" of the Second Amended Complaint, and further states that the photograph speaks for itself.

63.     Denies the allegations in paragraph "63" of the Second Amended Complaint.

64.     Denies the allegations in paragraph "64" of the Second Amended Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "65" of the Second Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "66" of the Second Amended Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "67" of the Second Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the Second Amended Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "69" of the Second Amended Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "70" of the Second Amended Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the Second Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "72" of the Second Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "73" of the Second Amended Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "74" of the Second Amended Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "75" of the Second Amended Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "76" of the Second Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "77" of the Second Amended Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "78" of the Second Amended Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "79" of the Second Amended Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "80" of the Second Amended Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "81" of the Second Amended Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "82" of the Second Amended Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "83" of the Second Amended Complaint, and further states that the photograph speaks for itself.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "84" of the Second Amended Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "85" of the Second Amended Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "86" of the Second Amended Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "87" of the Second Amended Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "88" of the Second Amended Complaint, and further states that the photograph speaks for itself.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89" of the Second Amended Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "90" of the Second Amended Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "91" of the Second Amended Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "92" of the Second Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "93" of the Second Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "94" of the Second Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "95" of the Second Amended Complaint, and respectfully refers the Court to the news article cited therein for its complete content and context.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "96" of the Second Amended Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "97" of the Second Amended Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "98" of the Second Amended Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "99" of the Second Amended Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "100" of the Second Amended Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "101" of the Second Amended Complaint.

102.    Denies the allegations in paragraph "102" of the Second Amended Complaint.

103.    Denies the allegations in paragraph "103" of the Second Amended Complaint.

104.    Denies the allegations in paragraph "104" of the Second Amended Complaint.

105.    Denies the allegations in paragraph "105" of the Second Amended Complaint, and all its subparts, and denies the merits of the lawsuits cited therein which contain mere allegations without dispositions, and respectfully refers the Court to the cited cases for their full content and context.

106.    Denies the allegations in paragraph "106" of the Second Amended Complaint, and all its subparts, and denies the merits of the lawsuits cited therein which contain mere allegations without dispositions, and respectfully refers the Court to the cited cases and cited news articles for their full content and context.

107.    Denies the allegations in paragraph "107" of the Second Amended Complaint, and all its subparts, and denies the merits of the lawsuits cited therein which contain mere allegations without dispositions, and respectfully refers the Court to the cited cases and cited news articles for their full content and context.

108.    Denies the allegations in paragraph "108" of the Second Amended Complaint, and all its subparts, and denies the merits of the lawsuits cited therein which contain mere allegations without dispositions, and respectfully refers the Court to the cited cases and cited news articles for their full content and context.

109.    Denies the allegations in paragraph "109" of the Second Amended Complaint, and respectfully refers the Court to the lawsuit cited therein for its complete content and context.

110.    Denies the allegations in paragraph "110" of the Second Amended Complaint.

111.    Denies the allegations in paragraph "111" of the Second Amended Complaint.

112.    Denies the allegations in paragraph "112" of the Second Amended Complaint and all its subparts, respectfully states that neither former Mayor Bill DeBlasio or former Commissioner Dermot Shea are defendants in this action.

113.    Denies the allegations in paragraph "113" of the Second Amended Complaint, respectfully states that neither former Mayor Bill DeBlasio or former Commissioner Dermot Shea are defendants in this action.

114.    Denies the allegations in paragraph "114" of the Second Amended Complaint.

115.    Denies the allegations in paragraph "115" of the Second Amended Complaint.

116.    Denies the allegations in paragraph "116" of the Second Amended Complaint.

117.    Denies the allegations in paragraph "117" of the Second Amended Complaint.

118.    Denies the allegations in paragraph "118" of the Second Amended Complaint.

119.    Denies the allegations in paragraph "119" of the Second Amended Complaint.

120.    Denies the allegations in paragraph "120" of the Second Amended Complaint and all its subparts.

121.    Denies the allegations in paragraph "121" of the Second Amended Complaint.

122.    Denies the allegations in paragraph "122" of the Second Amended Complaint.

123.    Denies the allegations in paragraph "123" of the Second Amended Complaint.

124.    Denies the allegations in paragraph "124" of the Second Amended Complaint.

125.    Denies the allegations in paragraph "125" of the Second Amended Complaint.

126.    Denies the allegations in paragraph "126" of the Second Amended Complaint.

127.    Denies the allegations in paragraph "127" of the Second Amended Complaint.

128.     Denies the allegations in paragraph "128" of the Second Amended Complaint.

129.     Denies the allegations in paragraph "129" of the Second Amended Complaint.

130.     In response to the allegations in paragraph "130" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

131.     Denies the allegations in paragraph "131" of the Second Amended Complaint.

132.     Denies the allegations in paragraph "132" of the Second Amended Complaint, and further states that the allegation that the defendants were "acting within the scope of their employment" is a legal conclusion to which no response is required.

133.     Denies the allegations in paragraph "133" of the Second Amended Complaint.

134.     Denies the allegations in paragraph "134" of the Second Amended Complaint.

135.     Denies the allegations in paragraph "135" of the Second Amended Complaint.

136.     Denies the allegations in paragraph "136" of the Second Amended Complaint.

137.     Denies the allegations in paragraph "137" of the Second Amended Complaint.

138.     Denies the allegations in paragraph "138" of the Second Amended Complaint.

139.     Denies the allegations in paragraph "139" of the Second Amended Complaint.

140.     Denies the allegations in paragraph "140" of the Second Amended Complaint.

141.     In response to the allegations in paragraph "141" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

142.     Denies the allegations in paragraph "142" of the Second Amended Complaint.

143.     Denies the allegations in paragraph "143" of the Second Amended Complaint.

144.    Denies the allegations in paragraph "144" of the Second Amended Complaint, and further states that the allegation that the officers were "acting within the scope of his or her employment" is a legal conclusion to which no response is required.

145.    Denies the allegations in paragraph "145" of the Second Amended Complaint.

146.    Denies the allegations in paragraph "146" of the Second Amended Complaint.

147.    In response to the allegations in paragraph "147" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

148.    Defendant states that the allegations in paragraph "148" of the Second Amended Complaint are statements of facts and/or legal conclusions to which no response is required.

149.    Denies the allegations in paragraph "149" of the Second Amended Complaint.

150.    Denies the allegations in paragraph "150" of the Second Amended Complaint.

151.    Denies the allegations in paragraph "151" of the Second Amended Complaint.

152.    Denies the allegations in paragraph "152" of the Second Amended Complaint.

153.    Denies the allegations in paragraph "153" of the Second Amended Complaint, and further states that the allegation that the officers were "acting within the scope of their employment" is a legal conclusion to which no response is required.

154.    In response to the allegations in paragraph "154" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

155.    Defendant states that the allegations in paragraph "155" of the Second Amended Complaint are legal conclusions to which no response is required.

156.    Denies the allegations in paragraph "156" of the Second Amended Complaint.

157.     Denies the allegations in paragraph "157" of the Second Amended Complaint.

158.     Denies the allegations in paragraph "158" of the Second Amended Complaint.

159.     Denies the allegations in paragraph "159" of the Second Amended Complaint.

160.     Denies the allegations in paragraph "160" of the Second Amended Complaint.

161.     Denies the allegations in paragraph "161" of the Second Amended Complaint, and further states that the allegation that the officers were "acting within the scope of their employment" is a legal conclusion to which no response is required.

162.     In response to the allegations in paragraph "162" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

163.     Defendant states that the allegations in paragraph "163" of the Second Amended Complaint are legal conclusions to which no response is required.

164.     Denies the allegations in paragraph "164" of the Second Amended Complaint.

165.     Denies the allegations in paragraph "165" of the Second Amended Complaint.

166.     Denies the allegations in paragraph "166" of the Second Amended Complaint.

167.     Denies the allegations in paragraph "167" of the Second Amended Complaint.

168.     Denies the allegations in paragraph "168" of the Second Amended Complaint, and further states that the allegation that the officers were "acting within the scope of their employment" is a legal conclusion to which no response is required.

169.     Denies the allegations in paragraph "169" of the Second Amended Complaint.

170.     Denies the allegations in paragraph "170" of the Second Amended Complaint.

171.    In response to the allegations in paragraph "171" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

172.    Defendant states that the allegations in paragraph "172" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "172" of the Second Amended Complaint.

173.    Defendant states that the allegations in paragraph "173" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "173" of the second amended complaint.

174.    Defendant states that the allegations in paragraph "174" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "174" of the second amended complaint.

175.    Defendant states that the allegations in paragraph "175" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "175" of the Second Amended Complaint.

176.    Denies the allegations in paragraph "176" of the Second Amended Complaint.

177.    Denies the allegations in paragraph "177" of the Second Amended Complaint.

178.    Denies the allegations in paragraph "178" of the Second Amended Complaint, and further states that the allegation that the officers were "acting within the scope of their employment" is a legal conclusion to which no response is required.

179.    In response to the allegations in paragraph "179" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

180.     Defendant states that the allegations in paragraph "180" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "180" of the Second Amended Complaint.

181.     Defendant states that the allegations in paragraph "181" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "181" of the Second Amended Complaint.

182.     Denies the allegations in paragraph "182" of the Second Amended Complaint.

183.     Denies the allegations in paragraph "183" of the Second Amended Complaint.

184.     Denies the allegations in paragraph "184" of the Second Amended Complaint.

185.     Denies the allegations in paragraph "185" of the Second Amended Complaint, and further states that the allegation that Officer Tirro was "acting within the scope of his employment" is a legal conclusion to which no response is required.

186.     In response to the allegations in paragraph "186" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

187.     Denies the allegations in paragraph "187" of the Second Amended Complaint.

188.     Defendant states that the allegations in paragraph "188" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "188" of the Second Amended Complaint.

189.     Defendant states that the allegations in paragraph "189" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "189" of the Second Amended Complaint.

190.     Denies the allegations in paragraph "190" of the Second Amended Complaint.

191.     Denies the allegations in paragraph "191" of the Second Amended Complaint.

192.     Denies the allegations in paragraph "192" of the Second Amended Complaint, and further states that the allegation that Officer Tirro was "acting within the scope of his employment" is a legal conclusion to which no response is required.

193.     In response to the allegations in paragraph "193" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

194.     Denies the allegations in paragraph "194" of the Second Amended Complaint.

195.     Denies the allegations in paragraph "195" of the Second Amended Complaint.

196.     Denies the allegations in paragraph "196" of the Second Amended Complaint.

197.     Denies the allegations in paragraph "197" of the Second Amended Complaint.

198.     Denies the allegations in paragraph "198" of the Second Amended Complaint.

199.     Denies the allegations in paragraph "199" of the Second Amended Complaint, and further states that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment by the City of New York and were acting under color of state law" is a legal conclusion to which no response is required.

200.     In response to the allegations in paragraph "200" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

201.     Defendant states that the allegations in paragraph "201" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "201" of the Second Amended Complaint.

202.     Denies the allegations in paragraph "202" of the Second Amended Complaint.

203.    Denies the allegations in paragraph "203" of the Second Amended Complaint.

204.    Denies the allegations in paragraph "204" of the Second Amended Complaint.

205.    Denies the allegations in paragraph "205" of the Second Amended Complaint.

206.    Denies the allegations in paragraph "206" of the Second Amended Complaint, and further states that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment by the City of New York and were acting under color of state law" is a legal conclusion to which no response is required.

207.    In response to the allegations in paragraph "207" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

208.    Defendant states that the allegations in paragraph "208" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "208" of the Second Amended Complaint.

209.    Denies the allegations in paragraph "209" of the Second Amended Complaint.

210.    Denies the allegations in paragraph "210" of the Second Amended Complaint.

211.    Denies the allegations in paragraph "211" of the Second Amended Complaint.

212.    Denies the allegations in paragraph "212" of the Second Amended Complaint.

213.    Denies the allegations in paragraph "213" of the Second Amended Complaint, and further states that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment" is a legal conclusion to which no response is required.

214.    Denies the allegations in paragraph "214" of the Second Amended Complaint.

215.    In response to the allegations in paragraph "215" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

216.    Defendant states that the allegations in paragraph "216" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "216" of the Second Amended Complaint.

217.    Denies the allegations in paragraph "217" of the Second Amended Complaint.

218.    Denies the allegations in paragraph "218" of the Second Amended Complaint.

219.    Denies the allegations in paragraph "219" of the Second Amended Complaint.

220.    Denies the allegations in paragraph "220" of the Second Amended Complaint.

221.    Denies the allegations in paragraph "221" of the Second Amended Complaint, and further states that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment by the City of New York and were acting under color of state law" is a legal conclusion to which no response is required.

222.    Denies the allegations in paragraph "222" of the Second Amended Complaint.

223.    Denies the allegations in paragraph "223" of the Second Amended Complaint.

224.    In response to the allegations in paragraph "224" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

225.    Defendant states that the allegations in paragraph "225" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "225" of the Second Amended Complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "226" of the Second Amended Complaint.

227.    Defendant states that the allegations in paragraph "227" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "227" of the Second Amended Complaint.

228.    Defendant states that the allegations in paragraph "228" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "228" of the Second Amended Complaint.

229.    Defendant states that the allegations in paragraph "229" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "229" of the Second Amended Complaint.

230.    Denies the allegations in paragraph "230" of the Second Amended Complaint.

231.    Denies the allegations in paragraph "231" of the Second Amended Complaint.

232.    Denies the allegations in paragraph "232" of the Second Amended Complaint, and further states that the allegation that Captain Palaj and Officer Carlo were "acting within the scope of their employment" is a legal conclusion to which no response is required.

233.    In response to the allegations in paragraph "233" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

234.    Defendant states that the allegations in paragraph "234" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "234" of the Second Amended Complaint.

235.    Denies the allegations in paragraph "235" of the Second Amended Complaint.

236.     Denies the allegations in paragraph "236" of the Second Amended Complaint.

237.     Denies the allegations in paragraph "237" of the Second Amended Complaint.

238.     Denies the allegations in paragraph "238" of the Second Amended Complaint.

239.     Denies the allegations in paragraph "239" of the Second Amended Complaint, and further states that the allegation that Sergeant Hewitson was "acting within the scope of his employment by the City of New York and under color of state law" is a legal conclusion to which no response is required.

240.     In response to the allegations in paragraph "240" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

241.     Defendant states that the allegations in paragraph "241" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "241" of the Second Amended Complaint.

242.     Defendant states that the allegations in paragraph "242" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "242" of the Second Amended Complaint.

243.     Defendant states that the allegations in paragraph "243" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "243" of the Second Amended Complaint.

244.     Denies the allegations in paragraph "244" of the Second Amended Complaint.

245.     Denies the allegations in paragraph "245" of the Second Amended Complaint.

246.    Denies the allegations in paragraph "246" of the Second Amended Complaint, and further states that the allegation that Sergeant Hewitson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

247.    In response to the allegations in paragraph "247" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

248.    Denies the allegations in paragraph "248" of the Second Amended Complaint.

249.    Defendant states that the allegations in paragraph "249" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "249" of the Second Amended Complaint.

250.    Defendant states that the allegations in paragraph "250" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "250" of the Second Amended Complaint.

251.    Denies the allegations in paragraph "251" of the Second Amended Complaint.

252.    Denies the allegations in paragraph "252" of the Second Amended Complaint.

253.    Denies the allegations in paragraph "253" of the Second Amended Complaint, and further states that the allegation that Sergeant Hewitson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

254.    In response to the allegations in paragraph "254" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

255.   Denies the allegations in paragraph "255" of the Second Amended Complaint.

256.   Defendant states that the allegations in paragraph "256" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "256" of the Second Amended Complaint.

257.   Denies the allegations in paragraph "257" of the Second Amended Complaint.

258.   Denies the allegations in paragraph "258" of the Second Amended Complaint.

259.   Denies the allegations in paragraph "259" of the Second Amended Complaint.

260.   Denies the allegations in paragraph "260" of the Second Amended Complaint, and further states that the allegation that Officer Radzinski was "acting within the scope of his employment by the City of New York and under color of state law" is a legal conclusion to which no response is required.

261.   In response to the allegations in paragraph "261" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

262.   Defendant states that the allegations in paragraph "262" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "262" of the Second Amended Complaint.

263.   Defendant states that the allegations in paragraph "263" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "263" of the Second Amended Complaint.

264.     Defendant states that the allegations in paragraph "264" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "264" of the Second Amended Complaint.

265.     Denies the allegations in paragraph "265" of the Second Amended Complaint.

266.     Denies the allegations in paragraph "266" of the Second Amended Complaint.

267.     Denies the allegations in paragraph "267" of the Second Amended Complaint, and further states that the allegation that Officer Radzinski was "acting within the scope of his employment" is a legal conclusion to which no response is required.

268.     In response to the allegations in paragraph "268" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

269.     Denies the allegations in paragraph "269" of the Second Amended Complaint.

270.     Defendant states that the allegations in paragraph "270" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "270" of the Second Amended Complaint.

271.     Defendant states that the allegations in paragraph "271" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "271" of the Second Amended Complaint.

272.     Denies the allegations in paragraph "272" of the Second Amended Complaint.

273.     Denies the allegations in paragraph "273" of the Second Amended Complaint.

274.    Denies the allegations in paragraph "274" of the Second Amended Complaint, and further states that the allegation that Officer Radzinski was "acting within the scope of his employment" is a legal conclusion to which no response is required.

275.    In response to the allegations in paragraph "275" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

276.    Defendant states that the allegations in paragraph "276" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "276" of the Second Amended Complaint.

277.    Denies the allegations in paragraph "277" of the Second Amended Complaint.

278.    Denies the allegations in paragraph "278" of the Second Amended Complaint.

279.    Denies the allegations in paragraph "279" of the Second Amended Complaint.

280.    Denies the allegations in paragraph "280" of the Second Amended Complaint.

281.    Denies the allegations in paragraph "281" of the Second Amended Complaint.

282.    Denies the allegations in paragraph "282" of the Second Amended Complaint, and further states that the allegation that Officer Robinson and Sergeant Slevin were "acting within the scope of their employment by the City of New York and acting under color of state law" is a legal conclusion to which no response is required.

283.    In response to the allegations in paragraph "283" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

284.    Defendant states that the allegations in paragraph "284" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "284" of the Second Amended Complaint.

285.    Denies the allegations in paragraph "285" of the Second Amended Complaint.

286.    Denies the allegations in paragraph "286" of the Second Amended Complaint.

287.    Denies the allegations in paragraph "287" of the Second Amended Complaint.

288.    Denies the allegations in paragraph "288" of the Second Amended Complaint.

289.    Denies the allegations in paragraph "289" of the Second Amended Complaint.

290.    Denies the allegations in paragraph "290" of the Second Amended Complaint, and further states that the allegation that Officer Robinson was "acting within the scope of his employment by the City of New York and acting under color of state law" is a legal conclusion to which no response is required.

291.    In response to the allegations in paragraph "291" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

292.    Defendant states that the allegations in paragraph "292" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "292" of the Second Amended Complaint.

293.    Defendant states that the allegations in paragraph "293" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "293" of the Second Amended Complaint.

294.    Defendant states that the allegations in paragraph "294" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "294" of the Second Amended Complaint.

295.    Defendant states that the allegations in paragraph "295" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "295" of the Second Amended Complaint.

296.    Denies the allegations in paragraph "296" of the Second Amended Complaint.

297.    Denies the allegations in paragraph "297" of the Second Amended Complaint.

298.    Denies the allegations in paragraph "298" of the Second Amended Complaint, and further states that the allegation that Officer Robinson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

299.    In response to the allegations in paragraph "299" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

300.    Defendant states that the allegations in paragraph "300" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "300" of the Second Amended Complaint.

301.    Defendant states that the allegations in paragraph "301" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is

required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "301" of the Second Amended Complaint.

302.    Denies the allegations in paragraph "302" of the Second Amended Complaint.

303.    Denies the allegations in paragraph "303" of the Second Amended Complaint.

304.    Denies the allegations in paragraph "304" of the Second Amended Complaint, and further states that the allegation that Officer Robinson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

305.    In response to the allegations in paragraph "305" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

306.    Denies the allegations in paragraph "306" of the Second Amended Complaint.

307.    Defendant states that the allegations in paragraph "307" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "307" of the Second Amended Complaint.

308.    Defendant states that the allegations in paragraph "308" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "308" of the Second Amended Complaint.

309.    Denies the allegations in paragraph "309" of the Second Amended Complaint.

310.    Denies the allegations in paragraph "310" of the Second Amended Complaint.

311.    Denies the allegations in paragraph "311" of the Second Amended Complaint, and further states that the allegation that Officer Robinson was "acting within the scope of his employment" is a legal conclusion to which no response is required.

312.    In response to the allegations in paragraph "312" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

313.    Defendant states that the allegations in paragraph "313" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph "313" of the Second Amended Complaint.

314.    Denies the allegations in paragraph "314" of the Second Amended Complaint.

315.    Denies the allegations in paragraph "315" of the Second Amended Complaint.

316.    Denies the allegations in paragraph "316" of the Second Amended Complaint.

317.    Denies the allegations in paragraph "317" of the Second Amended Complaint.

318.    Denies the allegations in paragraph "318" of the Second Amended Complaint, and further states that the allegation that Lieutenant Hockaday was "acting within the scope of his employment and under color of state law" is a legal conclusion to which no response is required.

319.    In response to the allegations in paragraph "319" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

320.    Denies the allegations in paragraph "320" of the Second Amended Complaint.

321.    Defendant states that the allegations in paragraph "321" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is

required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "321" of the Second Amended Complaint.

322.    Defendant states that the allegations in paragraph "322" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "322" of the Second Amended Complaint.

323.    Denies the allegations in paragraph "323" of the Second Amended Complaint.

324.    Denies the allegations in paragraph "324" of the Second Amended Complaint.

325.    Denies the allegations in paragraph "325" of the Second Amended Complaint, and further states that the allegation that Lieutenant Hockaday was "acting within the scope of his employment" is a legal conclusion to which no response is required.

326.    In response to the allegations in paragraph "326" of the Second Amended Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

327.    Denies the allegations in paragraph "327" of the Second Amended Complaint.

328.    Defendant states that the allegations in paragraph "328" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "328" of the Second Amended Complaint.

329.    Defendant states that the allegations in paragraph "329" of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "329" of the Second Amended Complaint.

330.     Denies the allegations in paragraph "330" of the Second Amended Complaint.

331.     Denies the allegations in paragraph "331" of the Second Amended Complaint.

332.     Denies the allegations in paragraph "332" of the Second Amended Complaint, and further states that the allegation that Lieutenant Hockaday was "acting within the scope of his employment" is a legal conclusion to which no response is required.

## FIRST AFFIRMATIVE DEFENSE:

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom Defendant Gallagher is not responsible, and was not the proximate result of any act of the defendant.

## THIRD AFFIRMATIVE DEFENSE:

Defendant Gallagher has not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has the defendant violated any act of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE:

To the extent any force was used by Defendant Gallagher, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officer's own physical safety and the safety of others.

## FIFTH AFFIRMATIVE DEFENSE:

Plaintiffs provoked any incident.

## SIXTH AFFIRMATIVE DEFENSE:

Plaintiffs may have failed to mitigate their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE:

Plaintiffs have failed to state a claim for municipal liability pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## EIGHTH AFFIRMATIVE DEFENSE:

Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiffs' failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## NINTH AFFIRMATIVE DEFENSE:

Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

## TENTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the Second Amended Complaint, the defendant Gallagher acted reasonably in the proper and lawful exercise of his discretion. Therefore, he is entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE:

Defendant Gallagher has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE:

There was probable cause for plaintiffs' arrest and detention.

**WHEREFORE**, defendant Gallagher respectfully requests that the Second Amended Complaint be dismissed in its entirety, that the court enter judgment for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              February 13, 2023

                              HON. SYLVIA HINES-RADDIX
                              Corporation Counsel of the
                                City of New York
                              *Attorneys for the City of New York, Officer Nicholas*
                              *Terrett, Officer Luigi Tirro, Officer Adam Muniz,*
                              *Officer Leonel Giron, Lieutenant Robert Cattani,*
                              *Captain Gzim Palaj, Officer Brianna Carlo, Officer*
                              *Sean P. Robinson, Sergeant Daniel Slevin,*
                              *Lieutenant Keith Hockaday, Christopher Radzinski,*
                              *and Daniel Gallagher*
                              100 Church Street
                              New York, New York 10007

                      By:     *Peter Scutero*  s/

                              Peter Scutero, Esq.


cc:    BY ECF
       All Counsel