THE QUINN LAW FIRM, PPLC
Attorneys for Christopher B. Hewitson
399 Knollwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: New York City Policing During Summer 2020 Demonstrations | : | Docket No. 20 Civ. 8924 (CM)(GWG) |
| This filing is related to: | : | 21 Civ. 6610 (CM)(GWG) |
| ADAM GRAY, JASON DONNELLY, DIANA ZEYNEB ALHINDAWL, JEMELL D. COLE, and AMIR ALFIKY, Plaintiffs, | : | ANSWER AND CROSS CLAIMS BY DEFENDANT SGT. CHRISTOPHER B. HEWITSON |
| -against- | : | |
| CITY OF NEW YORK, OFFICER NICOLAS TERRETT, OFFICER LUIGI TIRRO, OFFICER ADAM MUNIZ, OFFICER LEONEL GIRON, NYPD OFFICER JOHN DOE WHITE SHIRT WITH HELMET BEARING SHIELD NO. 15519, LIEUTENANT ROBERT CATTANI, LIEUTENANT DANIEL GALLAGHER, CAPTIAN GZIM PALAJ, OFFICER BRIANNA CARLO, SERGEANT CHRISTOPHER B. HEWITSON, OFFICER CHRISTOPHER RADZINSKI, OFFICER SEAN P. ROBINSON, SERGEANT DANIEL SLEVIN, AND LIEUTENANT KEITH HOCKADAY, Defendants. | : | |

TO:

COUNSEL FOR PLAINTIFFS:

Defendant Christopher B. Hewitson, by his attorneys, The Quinn Law Firm, PLLC, as

and for his answer to plaintiffs' third-amended complaint dated March 10, 2023 (D.E. 123), and as and for his cross-claims against defendant City of New York, hereby alleges as follows:

1. Denies the truth of the allegations contained in the following paragraphs: 4, 5, 6, 7, 57, 64, 69, 75, 76, 77, 78, 79, 102, 104, 110, 112, 113, 114, 117, 120, 121, 122, 126, 127, 128, 129, 131, 133, 134, 135, 136, 137, 138, 139, 142, 143, 144, 145, 149, 150, 151, 152, 156, 157, 158, 159, 160, 166, 167, 169, 170, 172, 173, 174, 175, 176, 177, 180, 181, 182, 183, 184, 187, 188, 189, 190, 191, 195, 196, 197, 198, 202, 203, 204, 205, 210, 211, 212, 214, 219, 220, 222, 223, 225, 227, 228, 229, 230, 231, 234, 235, 236, 237, 238, 241, 242, 243, 244, 245, 248, 249, 250, 251, 252, 256, 257, 258, 259, 262, 263, 264, 265, 266, 269, 270, 271, 272, 273, 277, 278, 279, 280, 281, 285, 286, 287, 288, 289, 290, 292, 293, 294, 295, 296, 297, 300, 301, 302, 303, 306, 307, 308, 309, 310, 314, 315, 316, 317, 320, 321, 322, 323, 324, 327, 238, 329, 330 and 331.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the following paragraphs: 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 70, 71, 72, 73, 74, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 103, 105, 106, 107, 108, 109, 111, 115, 116, 118, 119, 123, 125, 132 (except admit that defendant Hewitson was acting under color of state law); 140, 146, 153, 161, 163, 164, 165, 168, 178, 185, 192, 199, 206, 208, 209, 213, 216, 217, 218, 221, 226, 232, 260, 267, 274, 282, 290, 298, 304, 311, 318, 325 and 332.

3. Admits the truth of the allegations contained in the following paragraphs: 1, 2, 15, 25 (except denies that defendant Hewitson was a resident of New York City), 30, 31, 239, 246 and 253.

4. Respectfully refers all questions of laws raised in plaintiffs' second-amended

complaint to the Court, including the legal questions raised in the following paragraphs: 3, 47, 49, 148, 155, 166, 169, 194, 196, 201, 219, 234, 255, 276, 284 and 313.

5. Denies the truth of the allegations contained in paragraph 124 of the second-amended complaint, except admits and alleges that defendant Hewitson did not use excessive force against plaintiff Donnelly.

6. Repeats and realleges the responses contained in all pertinent prior paragraphs with respect to the following paragraphs contained in the second-amended complaint: 130, 141, 147, 154, 162, 171, 179, 186, 193, 200, 207, 215, 224, 233, 240, 247, 254, 261, 268, 275, 283, 291, 299, 305, 312, 319 and 326.

**AFFIRMATIVE DEFENSES**

As and for a First Affirmative Defense

7. The Complaint fails to state a claim for relief upon which relief may be granted as against defendant Hewitson.

As and for a Second Affirmative Defense

8. To the extent defendant Hewitson used any force as alleged in the second-amended complaint, it was objectively reasonable for him to do so in light of the circumstances facing him at the time.

As and for a Third Affirmative Defense

9. Defendant Hewitson is entitled to qualified immunity.

As and for a Fourth Affirmative Defense

10. Any injuries alleged to have been sustained by plaintiff Donnelly resulted from his culpable or negligent conduct, and were not the proximate result of any act of defendant Hewitson.

As and for a Fifth Affirmative Defense

11. Defendant Hewitson had no interactions with and did not violate any rights of plaintiffs Adam Gray, Diana Zeyneb Alhindawi, Jemmell D. Cole and Amr Alfiky.

As and for a Sixth Affirmative Defense

12. Defendant Hewitson has not violated any rights, privileges or immunities of the plaintiffs under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

As and for a Seventh Affirmative Defense

13. Defendant Hewitson did not intentionally or otherwise interfere, or attempt to interfere, with the lawful video recording of a law enforcement activity.

As and for a Eight Affirmative Defense

14. There was probable cause to believe that plaintiff Donnelly was engaging in conduct that violated provisions of the New York Penal Law and/or which violated temporary orders then in effect pertaining to the Covid-19 crisis.

As and for an Ninth Affirmative Defense

15. The liability of defendant Hewitson, if any, to any of the plaintiffs is limited to his equitable share to be determined in accordance with the relative culpability of all parties contributing to the alleged losses sustained.

**CROSS-CLAIMS AGAINST DEFENDANT THE CITY OF NEW YORK**

AS AND FOR A FIRST CROSS CLAIM

16. Defendant Hewitson repeats, reiterates and realleges paragraphs “1” through “15” herein as if fully restated at length.

17. The actions of defendant Hewitson at the time and date in issue were performed as

part of his duty, and he was properly acting within the scope of his office as a New York City Police Officer, and any liability to plaintiffs must be assumed by the City of New York pursuant to Section 50-k of the New York General Municipal Law.

AS AND FOR A SECOND CROSS CLAIM

18. Defendant Hewitson repeats, reiterates and realleges paragraphs “1” through “17” herein as if fully restated at length.

19. Defendant Hewitson, as a result of the institution of this action is exposed to potential financial liabilities due to the fact that he secured the services of an attorney to represent him.

20. The actions of defendant Hewitson at the time and date in issue were performed within the performance of his duty, and he was acting within the scope of his office as a New York City Police Officer, and the expense of his legal defense must be assumed by the City of New York, pursuant to Section 50-k of the New York General Municipal Law.

21. By reason of the foregoing, defendant Hewitson will be damaged in an uncalculated amount and he demands the payment of all reasonable attorneys’ fees and other disbursements and costs incurred in the defense of this action from the City of New York.

AS AND FOR A THIRD CROSS CLAIM

22. Defendant Hewitson repeats, reiterates and realleges paragraphs “1” through “21” herein as if fully stated at length.

23. If plaintiffs suffered any damages as alleged in the complaint due to the culpable conduct, if any, of defendant Hewitson, then such damages were due to the culpable conduct, negligent acts or omissions of the City of New York.

24. The actions of defendant Hewitson at the time and date in issue were performed

within the performance of his duty, and he was acting within the scope of his employment and office as a New York City Police Officer, and any resulting liability to plaintiffs must be assumed by defendant Hewitson's employer, The City of New York, pursuant to the principle of respondeat superior.

25. Based on the principle of respondeat superior, if plaintiffs, or any one of them, recover any judgment against defendant Hewitson, then he is entitled to recover the amount of such judgment from defendant City of New York.

AS AND FOR A FOURTH CROSS CLAIM

26. Defendant Hewitson repeats, reiterates and realleges paragraphs "1" through "25" herein as if fully restated at length.

27. Pursuant to New York General Municipal Law Section 15-108(a), should plaintiffs be rewarded at trial, the Court should reduce the amount of defendant Hewitson's liability by the full amount of any pre-trial settlement between plaintiffs, or any one of them, and the City of New York, and any other settling defendant(s).

**WHEREFORE,** Defendant Christopher B. Hewitson demands judgment:

1. Dismissing the complaint in its entirety as against defendant Christopher B. Hewitson, with prejudice;

2. Requiring indemnification of any judgment against defendant Christopher B. Hewitson by defendant City of New York;

3. Requiring the defense of defendant Christopher B. Hewitson, including payment of all attorney's fees and disbursements, by defendant City of New York;

4. An order awarding defendant Christopher B. Hewitson the costs, disbursements, expenses and reasonable attorney's fees incurred in defending this action; and

5. Such other, different or further relief as the Court in its discretion may deem just and proper.

Dated: White Plains, New York
March 14, 2023

Respectfully submitted,

THE QUINN LAW FIRM, PLLC
Attorneys for Christopher B. Hewitson

Lalit K. Loomba

Andrew C. Quinn, Esq.
Steven J. Bushnell, Esq.
Lalit K. Loomba, Esq.
Marykate Acquisto, Esq.

399 Knollwood Road, Suite 220
White Plains, New York 10603
Tel: (914) 997 – 0555
Fax: (914) 997 – 0550
lloomba@quinnlawny.com

To: All Counsel of Record (by ECF)