UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

In Re: New York City Policing During Summer
2020 Demonstrations

-----------------------------------------------------------
This filing is related to:

                ALL CASES

**DECLARATION OF INSPECTOR AARON EDWARDS**

20 Civ. 8924 (CM)(GWG)

------------------------------------------------------------------------------- x

      **AARON EDWARDS**, declares under penalty of perjury and pursuant to 28 U.S.C. §1746, that the following statements are true and correct:

      1.     I am a uniformed member of the service employed by the New York City Police Department ("NYPD"). I am currently an Inspector in the Office of the Deputy Commissioner of Public Information ("DCPI"). I have been in my current position since March 3, 2025 and have been with the NYPD since July 2005.

      2.     This affidavit is based on a review of official NYPD records and databases, information provided to me from different units within the NYPD, and my personal knowledge. This affidavit is submitted at the request of the New York City Law Department in support of their opposition to plaintiff's motion to enforce.

      3.     DCPI is responsible for facilitating communication between the NYPD and the public, including members of the media. The duties of DCPI involve responding to press inquiries, issuing statements on behalf of the Department, and overseeing public communications. The DCPI is not an operational command and does not issue tactical or enforcement-related directives at incidents or events.

1

4. Members of DCPI are not physically present at every protest. DCPI personnel respond to a protest based on a case-by-case, real-time assessment of the nature of the protest, and in particular the degree of media presence (or anticipated media presence) at the protest. When members of DCPI are at the scene of a protest, they work with members of the press to facilitate their exercise of their First Amendment rights, consistent with public safety.

5. To the extent a member of the press is subject to arrest at a protest, members of DCPI who are on scene are in a position to assess the situation in context and communicate with the Incident Commander, other executives, and the Legal Bureau about the appropriate measures. In particular, I am aware that in Phase II of the Protest Settlement, members of DCPI who are present at a protest may be called upon to determine whether a member of the press who commits a "Red Light" offense should be taken into custody rather than being given a summons and released. Members of DCPI who are on scene will be in a position to make that assessment.

6. To the extent uniformed members of service encounter members of the press engaged in criminal conduct outside the context of a protest, members of DCPI invariably will not be on scene, will not have any information about the underlying conduct, and will have no perspective on what enforcement action, if any, is appropriate.

7. DCPI must be informed if a member of the media is under arrest, and a member of DCPI is available at all hours to respond to such incidents. But a member of DCPI who is not present for criminal conduct by a member of the press is no position to assess that individual's conduct or what steps should be taken by the Department.

8. Members of DCPI are not authorized to provide legal advice. Members of DCPI are also not authorized to give operational directives. At protests, officers receive legal

advice from attorneys in the Department's Legal Bureau. Operational decisions at a protest are made by the incident commander and other executives in operational bureaus.

Dated: New York, New York
        May 20, 2025

_____
**AARON EDWARDS**